## SCAMMAN & AL. *vs.* SAWYER.

Construction of a deed.

THIS case, which was a writ of entry, turned upon the construction of the tenant's deed, describing the line dividing his land from that of the demandants. His close was described as " situated in *Saco*, on the northeast side of the county road leading from the new meeting-house to *Buxton* ; and bounded beginning at the southern corner of said land, at said road, thence

running north 43 1-4 degrees east, on the line between the gran-tor and land now improved by *John Condon*, and others, to land of *Thomas Cutts*, now improved by Doct. *Thornton*, forty six rods ; thence north 46 1-4 degrees west eighteen rods to the corner of said *Cutts's* land ; thence southwest, with the variation, to the road aforesaid, to strike the fence on the line below said be-tween said *Cutts*, and the grantor, forty one rods and three tenths of a rod; thence south 32 degrees east, by said road, nineteen rods and eight tenths of a rod ; containing about five acres and six-teen square rods of land." The line in dispute was the third course in the deed, running southwesterly to the road. Its com-mencement, at the corner of *Cutts's* land, was not in controversy. On the opposite or lower side of the road was an old fence be-tween the land of *Cutts* and the grantor, running up to the road, and nearly at right angles with it. If the disputed line should be made to strike the road in the range of this fence, as the deman-dants contended it should, the front of the tenant's lot would be narrower, by about two rods, than the distance of nineteen rods and eight tenths, given in the deed. But the tenant contended that the words " below said" in the deed, meant the fence along the road, and not the fence below the road at right an-gles with it ; and that his third line was therefore to be drawn from *Cutts's* corner to the road by such a course, between south and west, as would give him the breadth of front mentioned in the deed. It was submitted to the court upon a case stated by the parties.

J. and E. *Shepley*, for the demandants.

N. *Emery*, *Storer* and *Goodwin*, for the tenant.

WESTON J. delivered the opinion of the court.

The decision of this case, as it is presented by the parties, is made to depend on the extent of the tenant's land, located accor-ding to the courses, distances, and monuments, referred to in his deed. The south-east corner of his lot is not disputed. It was to run thence north, forty six and a quarter degrees west, eigh-

teen rods. As no terminating monument is there given, it must run upon the exact course, and to the exact distance, stated. It is thence, by the deed, to run "south-west with the variation, to the road aforesaid, to strike the fence on the line below said between said *Cutts* and me, forty one and three tenths of rods; thence south, thirty two degrees east, by said road, nineteen rods and eight tenths of a rod." It is agreed that there was, at the time when this deed was made, below the road mentioned, a fence extending nearly northeast and south-west, dividing the land of the grantor from the land of *Thomas Cutts*, referred to in the deed. The line in dispute was to run to the road, upon a course, which would strike the fence. There is no difficulty in ascertaining this course; nor any uncertainty presented in the case, as to the fence intended. If the words " below said" in the deed were stricken out, the fence referred to could not be mistaken; but as it was below the road, and the road had been last mentioned, it is very apparent that " road" was the word inadvertently omitted; and which the sense requires should be supplied. But whether supplied or omitted, it is not necessary, in order to ascertain the terminating monument, which is the fence ; and to this, very clearly, that line must be restricted ; whether the distance in the next and last line, given in the deed, exceeds or falls short of the number of rods stated as its length.

According to the agreement of the parties, the tenant is to be defaulted, and

*Judgment rendered for the demandants.*